IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GLENN KAPLAN,** | ) | Case No. 3:23-cv-61 |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| **DISCOVER BANK,** | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION

I. Introduction

Pending before the Court is Plaintiff Glenn Kaplan's ("Plaintiff") Motion to Remand. (ECF No. 16). This Motion has been fully briefed and is ripe for disposition. (*See* ECF Nos. 1, 16, 19).

For the reasons that follow, Plaintiff's Motion is **GRANTED IN PART** and **DENIED IN PART**.

II. Venue[1]

Because this action was originally filed in the Court of Common Pleas of Cambria County, Pennsylvania, (ECF No. 1-2 at 12), venue is proper in the Western District of Pennsylvania pursuant to 28 U.S.C. § 1441(a). *See Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663 (1953) (explaining that the proper venue of a removed action is "the district court of the United States for the district and division embracing the place where such action is pending").

III. Background

---

[1] Subject matter jurisdiction is disputed and will be discussed below.

On February 1, 2023, Plaintiff filed a Complaint in the Court of Common Pleas of Cambria County, Pennsylvania. (ECF No. 1-2). In his Complaint, Plaintiff avers that Defendant Discover Bank ("Defendant") sought to collect $1,732.33 from Plaintiff for an alleged consumer purchase. (ECF No. 1-2 at 7). By repeatedly attempting to collect this sum, Plaintiff contends that Defendant invaded his privacy and violated Pennsylvania law regarding the propriety of debt collection practices. (*Id.* at 7–10).

Accordingly, Plaintiff brings three claims against Defendant in his Complaint: (1) a claim for violation of the Pennsylvania Fair Credit Extension Uniformity Act ("FCEUA") at Count I, (2) a claim for violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL") at Count II, and (3) an Invasion of Privacy claim at Count III. (*Id.* at 8–10).

The Civil Cover Sheet accompanying Plaintiff's Complaint indicates that Plaintiff is requesting money damages, but that the "Dollar Amount Requested" is "within arbitration limits[.]" (*Id.* at 2). Local Rule 1300 CC of the Court of Common Pleas of Cambria County states that "[a]ll civil actions which are at issue where the amount in controversy is $50,000 or less, (exclusive of interest and costs), . . . shall be tried and decided by a board of arbitrators[.]"

In the body of Plaintiff's Complaint under Count I, Plaintiff "respectfully prays for a judgment in an amount not to exceed $50,000 as follows[,]" and specifically requests:

a. All actual compensatory damages suffered pursuant to 73 P.S. § 201-9.2;

b. Statutory damages of $100.00 for each violation of the FCE[U]A pursuant to 73 P.S. § 201-9.2;

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 73 P.S. § 201-9.2; and

d. Any other relief deemed appropriate by this Honorable Court.

(ECF No. 1-2 at 8).

At Count II, Plaintiff's Complaint states that "Defendant's conduct complained of herein amounts to violations of the [FCEUA], and are thus a concomitant violation of the" UTPCPL. (*Id.* at 9). Plaintiff further explains, under Count II, that:

> The UTPCPL authorizes the Court, in its discretion, to award up to three (3) times the actual damages sustained for violations, and/or $100.00 for statutory damages. Plaintiff avers entitlement to all actual and statutory damages, plus treble that amount, and attorney fees and costs, for Defendant's per se and statutory violations of Pennsylvania Law.

(*Id.* at 10). Finally, at Count III, Plaintiff's Complaint states that "[a]s a result" of Defendant's alleged invasion of Plaintiff's privacy, "Plaintff suffered injury as a proximate cause of such [] intrusion." (*Id.*).

On April 5, 2023, Defendant timely filed[2] a Notice of Removal, removing Plaintiff's action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446. (ECF No. 1). Defendant alleges that removal is proper based on 28 U.S.C. § 1332(a) because there is complete diversity between the parties and the amount-in-controversy requirement is met. (*Id.* ¶ 14). With respect to the amount-in-controversy requirement, Defendant alleges that "[b]ased on a reasonable reading of [Plaintiff's] Complaint, the amount in controversy [] exceeds $75,000." (*Id.* ¶ 17).

After Defendant filed a Motion to Dismiss Plaintiff's Complaint, (ECF No. 6), Plaintiff filed the pending Motion to Remand along with a brief in support on May 3, 2023. (ECF No. 16). While Plaintiff does not dispute that he is completely diverse from Defendant, he argues that the

---

[2] Defendant was served with a copy of Plaintiff's Complaint on March 6, 2023, (ECF No. 1 at 3), so Defendant's Notice of Removal was filed thirty days after service and within the timeframe contemplated by § 1446(b)(1).

amount-in-controversy requirement for federal diversity jurisdiction has not been met because the Complaint expressly limited the damages requested to an amount below $50,000. (*Id.* at 8).

Defendant filed a Response in Opposition to Plaintiff's Motion to Remand on May 18, 2023. (ECF No. 19). There, Defendant argues that Plaintiff erred by indicating on the Civil Cover Sheet that he was seeking damages within the $50,000 arbitration limit because a reasonable reading of Plaintiff's Complaint shows that he is demanding an amount in excess of $75,000. (*Id.* at 3). Although the Court will fully analyze Defendant's argument on this score later in this Opinion, Defendant generally alleges that, when considering the relief Plaintiff requests under each of the three Counts in his Complaint in the aggregate, the sum sought satisfies the amount-in-controversy requirement for federal diversity jurisdiction. (*Id.* 3–7).

## IV. Legal Standard

"Removal of cases from state to federal courts is governed by 28 U.S.C. § 1441." *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). Pursuant to § 1441, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441. Under the diversity-jurisdiction doctrine applicable here, federal district courts have original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

The procedures for removal of civil actions are found in 28 U.S.C. § 1446. Under § 1446, a defendant desiring to remove a civil action from state court to federal court shall file a notice of removal in the appropriate federal district court that contains "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure." *Dart Cherokee Basin*

*Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014). "Congress, by borrowing the familiar short and plain statement standard from Rule 8(a), intended to simplify the pleading requirements for removal and to clarify that courts should apply the same liberal rules [to removal allegations] that are applied to other matters of pleading." *Id.* (alterations in original) (citations and quotations omitted).

Following the filing of a notice of removal, "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." *Id.* "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *Id.*

Moreover, § 1446(c)(2) outlines the burden of proof applicable where, as here, a defendant removes a civil action on the basis of diversity jurisdiction. Section 1446(c)(2) provides, in its entirety:

> (2) If removal of a civil action is sought on the basis of jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that—
>
> > (A) the notice of removal may assert the amount in controversy if the initial pleading seeks—
> >
> > > (i) nonmonetary relief; or
> > >
> > > (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and
> >
> > (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the

evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

28 U.S.C. § 1446(c)(2).

Here, Defendant's Notice of Removal explicitly predicates this Court's jurisdiction on § 1332(a). (ECF No. 1 ¶ 14). And § 1446(c)(2)(A)(ii) is satisfied because Pennsylvania law does not allow a demand for a specific sum in the absence of liquidated damages, which are not present here. *See* Pa. R. Civ. P. 1021(b) ("Any pleading demanding relief for unliquidated damages shall not claim a specific sum."); *Scaife v. CSX Transp. Inc.*, No. 3:19-cv-60, 2019 WL 3353727, at *12 (W.D. Pa. July 25, 2019) (Gibson, J.). Accordingly, pursuant to § 1446(c)(2)(B), Defendant may assert the amount in controversy in its Notice of Removal.

Further, where, "as here, a plaintiff contests the defendant's allegation, the defendant must provide evidence establishing that the amount in controversy exceeds $75,000." *Klaphake v. Columbia Gas Transmission, LLC*, No. 17-CV-1359, 2018 WL 1736791, at *1 (W.D. Pa. Apr. 11, 2018) (citing *Dart*, 574 U.S. at 89). The court must then determine "whether a 'preponderance of the evidence' shows that the amount in controversy requirement is satisfied." *Id.* (citing 28 U.S.C. § 1446(c)(2)(B)); *see also Dart*, 574 U.S. at 88. As evidence "of the jurisdictional amount, the Court may consider the complaint, the notice of removal, and subsequent submissions related to the motion to remand."[3] *Klaphake*, 2018 WL 1736791 at *1.

## V.    Discussion

---

[3] The Court notes that Defendant makes the same arguments in support of removal in both its Notice of Removal and its Response in Opposition to Plaintiff's Motion to Remand. *Compare* ECF No. 1 at 3–5 *with* ECF No. 19 at 3–7. Accordingly, because Defendant's Response qualifies as a "subsequent submission[] related to the motion to remand[,]" *Klaphake*, 2018 WL 1736791 at *1, and because Defendant further elaborates on its Notice of Removal arguments in that Response, the Court primarily cites to that document when addressing Defendant's arguments.

As an initial matter, Defendant's Notice of Removal properly "contain[ed] a short and plain statement of the grounds for removal." *See* 28 U.S.C. § 1446(a); *Dart*, 135 S. Ct. at 553–54. Defendant's Notice of Removal stated that the amount in controversy exceeds $75,000 and plausibly explained this allegation. (*See* ECF No. 1 ¶¶ 17–26). However, because Plaintiff challenges Defendant's purported amount in controversy, (*See* ECF No. 16 at 8–10), the Court must determine whether Defendant has shown that the amount in controversy exceeds the jurisdictional threshold by a preponderance of the evidence. *See* 28 U.S.C. § 1446(c)(2)(B); *Dart*, 135 S. Ct. at 553–54.

### A. Defendant Has Failed to Establish the Amount in Controversy by a Preponderance of the Evidence

"In removal cases, determining the amount in controversy begins with a reading of the complaint filed in the state court." *Samuel-Bassett*, 357 F.3d at 398. "The amount in controversy is not measured by the low end of an open-ended claim, or by an unrealistic or wishful high end, but by a reasonable valuation of the rights being litigated." *Huberman v. Interval Leisure Grp., Inc.*, No. 15-cv-1560, 2015 WL 2365585, at *9 (E.D. Pa. May 18, 2015); *see also Werwinksi v. Ford Motor Co.*, 286 F.3d 661, 666 (3d Cir. 2002) (quoting *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993)). "Moreover, estimations of the amounts recoverable must be realistic." *Samuel-Bassett*, 357 F.3d at 403. "The inquiry should be objective and not based on fanciful, 'pie-in-the-sky,' or simply wishful amounts, because otherwise the policy to limit diversity jurisdiction will be frustrated." *Id.*

Here, as previously noted, Plaintiff's Complaint appears to limit the amount in controversy in two ways. First, the Civil Cover Sheet accompanying Plaintiff's Complaint

indicates that the dollar amount requested is within arbitration limits, which, under Local Rule 1300 CC of the Court of Common Pleas of Cambria County Rules, means that Plaintiff purports to be seeking $50,000 or less. (ECF No. 1-2 at 2).

Second, Plaintiff's Complaint includes an *ad damnum* clause under Count I, in which Plaintiff requests "a judgment in an amount not to exceed $50,000[,]" including: (1) "[a]ll actual compensatory damages suffered pursuant to 73 P.S. § 201-9.2;" (2) "[s]tatutory damages of $100.00 for each violation of the FCE[U]A pursuant to 73 P.S. § 201-9.2;" (3) "[a]ll reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 73 P.S. § 201-9.2;" and (4) "[a]ny other relief deemed appropriate by this Honorable Court." (*Id.* at 8).

Plaintiff contends these two express limitations of damages conclusively establish that the amount in controversy is below $75,000. (ECF No. 16 at 9–10, n.2). Defendant, however, argues that Plaintiff erred in designating this matter to the arbitration track in state court because a reasonable reading of Plaintiff's complaint shows that it demands an amount in excess of $75,000. (ECF No. 19 at 3).

The Court will address each of Defendant's arguments on this score in turn. But the Court first notes that because Defendant's arguments with respect to the amount in controversy focus solely on the language of Plaintiff's Complaint, the Court's ultimate inquiry is whether Defendant has shown by a preponderance of the evidence that Plaintiff's Complaint can be reasonably read to be seeking more than $75,000. For the reasons that follow, the Court finds that Defendant has failed to carry that burden.

1. **Plaintiff's Averment that He Is Entitled to Treble Damages Under Count II Does Not Support Defendant's Contention that Plaintiff Expressly Seeks $150,000 in Damages**

Defendant argues that Plaintiff "expressly seeks $50,000 trebled under the UTPCPL" at Count II, and therefore seeks $150,000 "plus additional damages." (*Id.* at 5). By Defendant's telling, "[t]hat amount alone exceeds the amount in controversy." (*Id.*).

To arrive at this calculation, Defendant employs the following reading of Plaintiff's Complaint. At Count I, Plaintiff demands judgment against Defendant for violations of the FCEUA in a sum not to exceed $50,000. (*Id.* at 4). "In Count II," Defendant claims, "Plaintiff demands *additional judgment* against [Defendant] for violations of the UTPCPL, including actual damages, statutory damages, and treble damages." (*Id.*) (emphasis added). And Defendant correctly notes that the UTPCPL authorizes a court, "in its discretion, [to] award up to three times the actual damages sustained[.]" 73 Pa. Stat. Ann. § 201-9.2(a).

Defendant also notes that Plaintiff's Complaint, under Count II, alleges that Defendant's actions amount "to violations of the [FCEUA], and are thus a concomitant violation of the [UTCPCL]." (*Id.*; ECF No. 1-2 at 9). Based on this reading of the Complaint, Defendant alleges that Plaintiff expressly seeks $50,000 under Count I that is trebled (or tripled) to $150,000 under Count II. (ECF No. 19 at 5).

The Court finds Defendant's argument on this score unpersuasive for four reasons. First, the Court finds reason to doubt Defendant's assertion that Plaintiff demands "additional judgment" against Defendant at Count II. Plaintiff did not simply limit his request for damages under Count I to $50,000. *See, e.g., Resolution Mgmt. Consultants v. Hickey*, No. 10-cv-6243, 2011 WL

2609854, at *14 (D. N.J. June 29, 2011) (dealing with an *ad damnum* clause that "limit[ed] *damages* to 'a total amount not to exceed $75,000'") (emphasis added).

Rather, the *ad damnum* clause included under Count I "respectfully prays for a *judgment* in an amount not to exceed $50,000.00[.]" (ECF No. 1-2 at 8) (emphasis added). A "judgment" is defined as a "court's final determination of the rights and obligations of the parties in a case." JUDGMENT, Black's Law Dictionary (11th ed. 2019). Thus, Plaintiff's requests that the "judgment" not exceed $50,000 suggests that Plaintiff's Complaint cabins the entirety of the relief sought to that dollar amount—not just the damages Plaintiff seeks under Count I.

Second, the Court notes that the statutes Plaintiff asserts Defendant violated at Counts I and II, the FCEUA and the UTCPCL, respectively, both find their basis for awarding damages in the same statutory provision. The "Enforcement and penalties" subsection of the FCEAU states that "[i]f a debt collector or creditor engages in an unfair or deceptive debt collection act or practice under this act, it shall constitute a violation of the . . . [UTPCPL]." 73 Pa. Stat. § 2270.5(a). Put differently, "the FCEUA does not provide its own remedy and so it incorporates the damages provision found in the" UTPCPL. *Klein v. HSBC Mortg. Servs.*, Bankr. No. 15219, 2010 WL 2680334, at *7 (Bankr. E.D. Pa. June 29, 2010).[4]

This casts serious doubt upon Defendant's argument that Plaintiff seeks "additional judgment" against Defendant at Count II of the Complaint, because Plaintiff is only entitled to damages under the UTPCPL. (ECF No. 19 at 4). This explains why, at Count I of Plaintiff's

---

[4] Defendant acknowledges that the FCEUA provides no independent basis for damages in its Motion to Dismiss, which it incorporated by reference in its Response in Opposition to Plaintiff's Motion to Remand. (*See* ECF No. 19 at 3 n.1) ("Discover incorporates its Motion to Dismiss herein by reference."); (*See* ECF No. 7 at 7 n.4) ("Plaintiff's suggestion [that] he is entitled to damages under FCEUA, Comp. at Court I, *ad damnum clause*, finds no support in the law.").

Complaint under the FCEUA, he requests damages "pursuant to 73 P.S. § 201-9.2," (ECF No. 1-2 at 8), which is the damages provision of the UTPCPL. Because Plaintiff's Complaint explicitly limits the judgment requested—which is comprised of damages pursuant to § 201-9.2—to "an amount not to exceed $50,000.00[,]" (*id.*), and because damages stemming from violations of both the FCEUA (Count I) and UTPCPL (Count II) are both awarded pursuant to that provision, Plaintiff's Complaint can reasonably be read to limit the damages sought with respect to both Counts I and II to a sum not to exceed $50,000.[5]

More to the point, and contrary to Defendant's assertion, the Court finds that Plaintiff's averment of entitlement to treble damages under the UTPCPL at Count II, which finds its basis in § 201-9.2, does not represent a request for "additional judgment" against Defendant. Instead, a reasonable reading of Plaintiff's Complaint reveals that Plaintiff's mention of treble damages under the UTPCPL at Count II, and therefore pursuant § 201-9.2, is part of Plaintiff's demand for "*[a]ll* actual compensatory damages suffered pursuant to 73 P.S. § 201-9.2[]" under Plaintiff's requested judgment at Count I, which is explicitly limited to an amount not to exceed $50,000. (*Id.*) (emphasis added). This conclusion is bolstered by the fact that "[a]ll actual compensatory damages" under § 201-9.2, (*id.*), would necessarily include the court's ability to "award up to three times the actual damages sustained" pursuant to that same provision. 73 Pa. Stat. § 201-9.2(a).

Third, even assuming, *arguendo*, that Plaintiff's mention of treble damages is distinct from his request for actual damages pursuant to § 201-9.2, the Court finds that a reasonable reading of

---

[5] The Court notes that Plaintiff's averment in his Complaint that "Defendant's conduct complained of herein amounts to violations of the [FCEAU], and are thus a concomitant violation of the [UTPCPL,]" (ECF No. 1-2 at 9), does not alter the fact that Plaintiff is only entitled to damages under the UTPCPL.

Plaintiff's Complaint shows that Plaintiff's averment of entitlement to treble damages at Count II is incorporated into Plaintiff's request for "[a]ny other relief deemed appropriate by this Honorable Court" at Count I, which is explicitly limited to inclusion in a judgment not to exceed $50,000. (ECF No. 1-2 at 8). Plaintiff's first three specific requests for relief under his prayer for judgment at Count I are all "pursuant to" § 201-9.2. (*Id.*) Although Plaintiff's request for "[a]ny other relief deemed appropriate" does not cite to § 201-9.2, that request also tracks the language of that provision.

Section 201-9.2 provides, in relevant part, that a "court may, in its discretion, award up to three times the actual damages sustained, . . . and may provide such additional relief as it deems necessary or proper." 73 Pa. Stat. § 201-9.2(a). Accordingly, Plaintiff's request for "[a]ny other relief deemed appropriate" can be reasonably read to be referring to § 201-9.2's grant of authority to a court to award "additional relief [] it deems necessary or proper." *Id.*

After all, as the Court previously explained, § 201-9.2 provides the basis for awarding damages under the FCEUA at Count I and the UTPCPL at Count II. *Kaymark v. Bank of Am., N.A.*, 783 F.3d 168, 182 (3d Cir. 2015), *abrogated on other grounds*, *Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029 (2019) ("The FCEUA therefore does not provide its own private cause of action; rather, it is enforced through the remedial provision of the UTPCPL."); *see also Joyce of the Family Boles v. City of Clairton*, No. AR 14-000719, 2014 Pa. Dist. & Cnty. Dec. LECIS 5624, at *25 (Pa. D. & C. May 23, 2014) (sustaining a party's objections that stated "[a] violation of the FCEUA

constitutes a violation of the [UTPCPL] and subjects a violator to the sanctions that are set forth in that law").[6]

Therefore, Plaintiff's request for "[a]ny other relief deemed appropriate by this Honorable Court" pursuant to § 201-9.2 would necessarily include the Court's discretionary authority to award treble damages under that provision, as well as the "additional relief" a court "deems necessary or proper" authorized by § 201-9.2. And because Plaintiff included this request within a judgment the Complaint explicitly limits to an amount not to exceed $50,000, Defendant's argument on this score fails to show by a preponderance of the evidence that Plaintiff's Complaint can be reasonably read to mean that he "expressly seeks $50,000 trebled under the UTPCPL[,]" or $150,000. (ECF No. 19 at 5).[7]

Fourth, and finally, even setting aside the Court's analysis above, Defendant's argument still fails. To begin with, Defendant's assertion that Plaintiff "expressly seeks $50,000 trebled[,]" and therefore seeks $150,000, is incorrect. (ECF No. 19 at 5). Taking as true Defendant's assertion that Plaintiff seeks to treble Count I damages at Count II, Plaintiff does not seek to treble the *judgment* not to exceed $50,000. Instead, Plaintiff only "avers entitlement to all actual and statutory damages, plus treble *that* amount[.]" (ECF No. 1-2 at 10) (emphasis added).

---

[6] And the Court notes that Defendant has neither made any argument nor pointed to any legal authority supporting the proposition that damages resulting from violations of the FCEUA and the UTPCPL may be awarded pursuant to any statute or provision other than § 201-9.2. Indeed, as the Court noted above, Defendant concedes that the FCEUA provides no independent basis for damages in its Motion to Dismiss, which it incorporated by reference in its Response in Opposition to Plaintiff's Motion to Remand.
[7] Finally, the Court also notes that at Count II of Plaintiff's Complaint, he "hereby incorporates all facts and allegations specified in paragraphs above, by reference as if fully set forth at length." (ECF No. 1-2 at 9). Thus, Plaintiff's averment of entitled to treble damages under § 201-9.2 at Count II could also be reasonably read to incorporate the fact that Plaintiff requests a *judgment* not to exceed $50,000, which is comprised of damages pursuant to § 201-9.2. (*Id.* at 8).

Moreover, § 201-9.2 only permits an individual "to recover actual damages or one hundred dollars ($100), whichever is greater." 73 Pa. Stat. Ann. § 201-9.2(a). The $100 amount represents statutory damages. *See Bailey v. Ulta Salon, Cosmetics & Fragrance, Inc.*, No. 2:21-CV-00503, 2021 WL 1864031, at *7 (W.D. Pa. May 10, 2021) (explaining that the UTPCPL provides for "statutory damages of $100 per violation"). And § 201-9.2 specifies that a "court may, in its discretion, award up to three times the actual damages sustained, but not less than one hundred dollars[.]" 73 Pa. Stat. Ann. § 201-9.2(a). In other words, the damages that may be trebled in this case pursuant to Defendant's argument would only be Plaintiff's actual damages, assuming they are greater than $100 when trebled.

Accordingly, even taking Defendant's treble argument as true, Plaintiff's Complaint only avers entitlement to the trebling of a *portion* of Plaintiff's requested judgment in an amount not to exceed $50,000—not, as Defendant's argument assumes, the entirety of the judgment. Plaintiff's Complaint tethers no dollar amount to the actual or statutory damages Defendant asserts he seeks to treble at Count II, and Defendant makes no argument as to what it contends that amount may be.

Without any reasonable valuation of what damages may be trebled pursuant to Defendant's argument, the Court cannot find that Defendant has met its burden of showing that Plaintiff's Complaint can be reasonably read to be seeking treble damages that produce an amount in controversy above the jurisdictional threshold. *See Hornberger v. State Farm Mut. Auto. Ins. Co.*, No. 3:23-cv-146, 2023 WL 6121168, at *8–9 (W.D. Pa. Sept. 19, 2023) (holding that because "the Court cannot be left to guess the potential damages[,]" the defendant failed to satisfy its burden by a preponderance of the evidence).

In sum, Defendant's first argument does not assist it in carrying its ultimate burden of showing that a reasonable reading of Plaintiff's Complaint reveals that the amount in controversy is greater than $75,000.

B.  **Defendant's Other Arguments, Even in Conjunction with Its First, Do Not Show by a Preponderance of the Evidence that the Amount in Controversy Exceeds the Jurisdictional Threshold**

Before addressing the remainder of Defendant's arguments, the Court notes that the only attempt Defendant makes toward assigning a numerical value to Plaintiff's claims is its argument above that Plaintiff expressly seeks $150,000. Defendant launches three arguments in addition to the one just addressed by the Court. None of these arguments, even when analyzed in conjunction with the first, satisfy Defendant's burden.

First, Defendant argues that at "Count III, Plaintiff seeks unspecified damages as he 'suffered injury' related to his invasion of privacy claim." (ECF No. 19 at 5). Although Plaintiff does claim that he "suffered injury as a proximate cause" of Defendant's intrusion at Count III, Plaintiff makes no request for damages under that Count. (ECF No. 1-2 at 10).

Defendant provides the Court with no estimation, let alone a "reasonable valuation[,]" of what those unspecified damages may be. *Huberman*, 2015 WL 2365585 at *9. Instead, Defendant appears to simply imply that these unspecified damages should be included in the Court's calculation of the amount in controversy. "If this Court has to 'guess at whether the jurisdictional threshold has been met, then the defendant has not proved its point.'" *Vizant Techs., LLC v. Ocean State Jobbers, Inc.*, No. 14-cv-6977, 2015 WL 500480, at *3 (E.D. Pa. Feb. 5, 2015) (quoting *Stevenson v. Wal-Mart Stores, Inc.*, No 14-cv-4073, 2015 WL 158811, at *3 (E.D. Pa. Jan. 12, 2015)). By failing to give the Court any indication as to what it views as the value of Plaintiff's alleged request for

damages at Count III, Defendant leaves the Court to guess, and therefore fails to satisfy its burden.

Second, Defendant contends that "Plaintiff also seeks attorney's fees, which [are] recoverable under the UTPCPL and must be considered when evaluating the amount in controversy." (ECF No. 19 at 5). Plaintiff does, in fact, aver his entitlement to attorney's fees at both Count I and Count II of his Complaint. (ECF No. 1-2 at 8, 10). And, "in calculating the amount in controversy, [the Court] must consider potential attorney's fees." *Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997).

However, similar to the Court's analysis above, the attorney's fees Plaintiff requests under the FCEUA at Count I and the UTPCPL at Count II both stem from § 201-9.2. Thus, the fact that Plaintiff expressly limits the judgment sought in his Complaint to an amount not to exceed $50,000—which includes "*[a]ll* reasonable attorneys' fees . . . pursuant to 73 P.S. § 201-9.2[,]" (ECF No. 1-2 at 8) (emphasis added)—strongly suggests that Plaintiff's request for attorney's fees is included in Plaintiff's request for a judgment limited to $50,000.

In any event, Defendant provides the Court with no valuation regarding the attorney's fees Plaintiff requests in his Complaint. Because "Defendant has put forth no evidence or averments regarding . . . Plaintiff's counsel's hourly rates or the potential attorney's fees that may have accumulated," *Brewer v. GEICO*, No. 13-cv-1809, 2014 WL 241756, at *6 (W.D. Pa. Jan. 24, 2014), Defendant again leaves the Court to "'guess at whether the jurisdictional threshold has been met[.]'" *Vizant Techs.*, 2015 WL 500480 at *3 (quoting *Stevenson*, 2015 WL 158811 at *3). This is insufficient to carry Defendant's burden.

Third, and finally, Defendant points to Plaintiff's request for "[a]ny other relief deemed appropriate by this Honorable Court" at Count I of his Complaint. (ECF No. 1-2 at 8). Defendant argues that "[w]hile it is not clear what Plaintiff means by" this request, "the value of that demand must also be considered for the purposes of removal." (ECF No. 19 at 5). But this argument ignores the fact that Plaintiff's request for "[a]ny other relief deemed appropriate by this Honorable Court" is listed under Plaintiff's broader request for a "judgment in an amount not to exceed $50,000.00 as follows[.]" (ECF No. 1-2 at 8). Accordingly, this request in Plaintiff's Complaint cannot bring the amount in controversy above $75,000, since it is included in a prayer for a judgment not to exceed $50,000.

To the extent Defendant attempts to argue that Plaintiff's request for "[a]ny other relief deemed appropriate" increases the amount in controversy to above $75,000 in conjunction with what Defendant interprets as additional requests for damages at Counts II and III, the Court again emphasizes that Defendant has made no attempt to assign a value to this request. Because Defendant "cannot rely on 'tenuous inferences and assumptions about the amount in controversy to satisfy its burden[,]'" this argument does not go toward carrying Defendant's burden of showing that the amount in controversy exceeds the jurisdictional threshold. *Lohr v. United Fin. Cas. Co.*, No. 09-cv-752, 2009 WL 2634204, at *12 (W.D. Pa. Aug. 25, 2009) (quoting *Puelo v. Whirlpool Corp.*, No. 08-cv-925, 2005 WL 576995, at*4 (D. N.J. Feb. 29, 2008)).

Moreover, because none of the three arguments just addressed assist Defendant in satisfying its burden, even when these arguments are considered in conjunction with Defendant's first argument above, the Court finds that Defendant has failed to show by a preponderance of the evidence that the amount in controversy exceeds $75,000. Defendant's broad assertion to the

contrary is not based on any "reasonable valuation of the rights being litigated" in Plaintiff's Complaint. *Huberman*, 2015 WL 2365585 at *9. Rather, "the Court is forced to rely heavily upon speculation and unsubstantiated claims in its valuation of the jurisdictional amount." *Bachman Co. v. MacDonald*, 173 F. Supp. 2d 318, 327 (E.D. Pa. 2001) (finding that in such a case, the preponderance of the evidence standard is not met).

In conclusion, strictly construing the removal statute and resolving all doubts in favor of remand, as the Court must, *see Johnson v. Smithkline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013) (quoting *Brown v. Francis*, 75 F.3d 860, 865 (3d Cir. 1996)), the Court will grant Plaintiff's Motion to Remand because Defendant has not met its burden of establishing that the amount in controversy exceeds $75,000 by a preponderance of the evidence. *See, e.g., McFadden*, 1999 WL 715162 at *12–14 (holding that the defendant did not meet its burden of showing that the amount in controversy exceeded $75,000 under the preponderance of the evidence standard where the defendant "point[ed] to nothing in the complaint that evidence[d] the reasonable value of the rights being litigated[,]" and instead relied on the possibility that combined damages would exceed the jurisdictional threshold).

### C. The Court Will Not Award Attorney's Fees to Plaintiff

In addition to requesting that this case be remanded to the Court of Common Pleas of Cambria County, Plaintiff also requests attorney's fees and costs pursuant to 28 U.S.C. § 1447(c). (*See* ECF No. 16 at 11).

Under § 1447(c), if a court grants a motion to remand, the court may require payment of just costs and actual expenses, including attorney's fees, incurred as a result of the removal. "[A]n award of fees under § 1447(c) is left to the district court's discretion, with no heavy congressional

thumb on either side of the scales[.]" *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005). However, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 141.

Plaintiff argues that he is entitled to attorney's fees because "[t]here is simply nothing in the pleadings that would substantiate a belief that Plaintiff was/is seeking [an amount] in excess of $50,000.00." (ECF No. 16 at 11). The Court disagrees. Although ultimately unpersuasive, the Court finds that Defendant advanced colorable arguments, namely Defendant's argument with respect to Count II's assertion of entitlement to treble damages, in favor of removal.

Accordingly, because the Court cannot say that Defendant lacked an objectively reasonable basis for removing this lawsuit, the Court will deny Plaintiff's request for attorney's fees and costs.[8]

An appropriate order follows.

---

[8] For the same reasons, the Court likewise denies Plaintiff's alternative request that the Court retain jurisdiction to permit Plaintiff to file a motion for sanctions pursuant to Federal Rule of Civil Procedure 11. (*See* ECF No. 16 at 12); *see also Morning Sun Books, Inc. v. Div. Point Models, Inc.*, 826 F. App'x 167, 171 (3d Cir. 2020) (explaining that awarding sanctions under Rule 11 "requires 'a showing of objectively unreasonable conduct'") (quoting *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 278 F.3d 175, 187 n.7 (3d Cir. 2002)).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GLENN KAPLAN, | ) | Case No. 3:23-cv-61 |
| | ) | |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| | ) | |
| v. | ) | |
| | ) | |
| DISCOVER BANK, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

**AND NOW**, this 29th day of January, 2024, upon consideration of Plaintiff Glenn Kaplan's Motion to Remand, (ECF No. 16), and for the reasons set forth in the accompanying Memorandum Opinion, it is **HEREBY ORDERED** that Plaintiff's Motion is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's request to remand this action to the Court of Common Pleas of Cambria County is **GRANTED**. Plaintiff's request for costs and attorney's fees incurred as a result of removal, or, alternatively, for the Court to retain jurisdiction to permit Plaintiff to file a motion for sanctions pursuant to Federal Rule of Civil Procedure 11, is **DENIED**.

Accordingly, this action is **HEREBY REMANDED** to the Court of Common Pleas of Cambria County. The Clerk of Court shall mark this case as **CLOSED**.

BY THE COURT:

_____
**KIM R. GIBSON**
**UNITED STATES DISTRICT JUDGE**